UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA LOVE, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-1365 |
| | § | |
| DALLAS FOOD & BEVERAGE, LLC, 2124 CALIFORNIA CROSSING, LLC, AND CURTIS B. WISE, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Patricia Love brings suit against Defendants Dallas Food & Beverage, LLC, 2124 California Crossing, LLC, and Curtis B. Wise, Individually ("Defendants") and in support would show as follows:

### I. PRELIMINARY STATEMENT

1.1  This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants own and operate strip clubs located in Fort Worth and Dallas, Texas. The club at issue in this case, Buck's Cabaret, is located in Dallas. Defendants employed Plaintiff Patricia Love ("Love" or "Plaintiff") as a "house mom", who was in charge of buying supplies for Buck's dancers, ordering dancers' food, holding dancers' money and cleaning and overseeing the dressing room, among other things. Ms. Love was not paid on either a salary or hourly basis. In fact, Defendants did not pay Ms. Love at all. Instead, she was "tipped" by each of the dancers who worked during her shifts. While each dancer was supposed to tip Ms. Love

$10 per shift, Defendants did nothing more than suggest to the dancers that they should tip Ms. Love.

1.2     Ms. Love would generally work 38 hours one week and 49 hours the next week. Defendants failed to pay Ms. Love minimum wage for all hours worked up to 40 per week. Defendants also failed to pay Ms. Love overtime compensation for all hours worked over 40 per week.

1.3     As such, Plaintiff brings this lawsuit to recover minimum wage compensation, overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, because these entities conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

### A. Plaintiff

3.1     Plaintiff Patricia Love is an individual residing in Dallas, Texas.

### B. Defendants

3.2     Defendant Dallas Food & Beverage, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Irving, Texas.

3.3     Defendant Dallas Food & Beverage, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant Dallas Food & Beverage, LLC can be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Suite 900, Dallas Texas 75201.

3.5     Defendant 2124 California Crossing, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.6     Defendant 2124 California Crossing, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.7     Defendant 2124 California Crossing, LLC can be served with process by serving its registered agent for service of process, Curtis B. Wise, at 2032 Reserve Court, Flower Mound, Texas 75028.

3.8     Defendant Curtis B. Wise is an individual who resides in Dallas, Texas.

3.9     At all times relevant to this claim, Defendant Curtis B. Wise acted directly or indirectly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC in

relation to Plaintiff's employment.

3.10    At all times, Defendant Curtis B. Wise was substantially in control of the terms and conditions of Plaintiff's work.

3.11    Defendant Curtis B. Wise was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.12    Defendant Curtis B. Wise may be served with process at 2032 Reserve Court, Flower Mound, Texas 75028.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC each had gross operating revenue in excess of $500,000.00.

4.3    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5    At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6    At all relevant times, Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7    At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.

4.8    At all relevant times, Defendants have been subject to the requirements of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1 Defendants Dallas Food & Beverage, LLC, 2124 California Crossing, LLC and Curtis B. Wise own and operate Buck's Cabaret in Dallas, Texas.

5.2 Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.3 Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during her employment with Defendants.

5.4 Plaintiff was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.5 As the owner of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, Curtis B. Wise independently exercised control over the work performed by Plaintiff.

5.6 Curtis B. Wise are responsible for running the day-to-day operations of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC.

5.7 Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, determined the wages to be paid to Plaintiff.

5.8 Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.9 Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, determined the locations where Plaintiff would work.

5.10 Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, determined Plaintiff's hours.

5.11    Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, determined Plaintiff's conditions of employment.

5.12    Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, maintained employment records on Plaintiff.

5.13    Curtis B. Wise, acting directly in the interest of Defendants Dallas Food & Beverage, LLC and 2124 California Crossing, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.14    Defendants employed Plaintiff as a house mom during the three-year period preceding the filing of this Complaint.

5.15    Plaintiff was employed by Defendants as a tipped employee. As a tipped employee, Defendants were required to directly pay Plaintiff at least $2.13 an hour.

5.16    Defendants failed to directly pay Plaintiff any amount at all per hour.

5.17    Instead, Defendants simply suggested that their dancers tip Plaintiff $10 per shift. These tips constituted the sole source of compensation for Plaintiff.

5.18    As such, Defendants failed to pay Plaintiff minimum wage.

5.19    Additionally, even had Defendants directly paid Plaintiff $2.13 per hour (which they did not), Defendants never informed Plaintiff of the tip credit provisions of this FLSA, as required by 29 USC § 203(m).

5.20    Plaintiff was a non-exempt employee.

5.21    Plaintiff normally worked in excess of forty hours per week every other week of her employment.

5.22    Although Plaintiff consistently worked more than forty hours per week, Plaintiff has not been paid an overtime premium for any hours worked over forty per week.

## VI. CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3     Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours every other week of her employment.

6.4     Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff overtime premiums for such hours.

6.5     As a result, Defendants have violated 29 U.S.C. § 201 *et seq*.

6.6     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime premiums for hours worked over forty in a workweek.

6.8     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.9     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**Failure to Pay Minimum Wages**

6.10     Defendants have violated the FLSA by failing to pay Plaintiff minimum wage for all hours worked during her employment.

6.11     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage for all hours worked during her employment.

6.12     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Patricia Love respectfully prays that Defendants Dallas Food & Beverage, LLC, 2124 California Crossing, LLC, and Curtis B. Wise, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants, jointly and severally:

   a.   Actual damages for the full amount of Plaintiff's unpaid overtime and minimum wage compensation;

   b.   Liquidated damages in an amount equal to Plaintiff's unpaid overtime and minimum wage compensation;

   c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

   d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF